## Case No. 10,048.

### NATIONAL PARK BANK v. NICHOLS et al.

[4 Biss. 315.] 1

Circuit Court, N. D. Illinois. March, 1869.

CORPORATION — SUIT OUT OF STATE WHERE CREATED—CITIZENSHIP OF CORPORATIONS.

1. A corporation which has a legal existence in any one state, can sue in the federal courts of any other state. It is not necessary that it be a corporation created by the laws of that state.

2. It is a presumption—which the courts will not allow to be rebutted—that if a corporation has a legal existence in a state, its corporators are citizens of the same state.

Assumpsit to charge the defendants [Joshua R. Nichols and others], as partners in the Butterfield Overland Despatch Company, on indebtedness of the company. The facts are fully stated in the report of the trial before Drummond, J. [Case No. 10,047]. This was a motion to dismiss for want of jurisdiction.

Charles Hitchcock, Wirt Dexter, Corydon Beckwith, and Geo. C. Bates, for the motion.

S. A. Goodwin and I. N. Arnold, opposed.

2 [From 1 Chi. Leg. News, 361.]
1 [Reported by Josiah H. Bissell, Esq., and here reprinted by permission.]

DAVIS, Circuit Justice. It is objected that the Park Bank cannot sue in this court, because it is not a corporation created by the laws of the state of New York. So far as the right to sue is concerned, it can make no difference that the bank is authorized by congress instead of the legislature of New York. If it is created by law, has its lawful place of business in New York and nowhere else, and its corporators are citizens of the state, it can bring a suit in any circuit court of the United States outside of the state of New York. This was substantially decided by Chief Justice Marshall in Bank of U. S. v. Deveaux, 5 Cranch [9 U. S.] 61, but he held that it was a matter of proof whether all the corporators of the Bank of the United States lived in the state of Pennsylvania. This doctrine has been modified, and it is now held by the supreme court to be a presumption which cannot be rebutted, that if the corporation has a legal existence in the state, its individual members are citizens of the state. Ohio & Mississippi R. Co. v. Wheeler, 1 Black [66 U. S.] 286.

There is no question but the Park Bank was authorized by congress to transact business in New York and nowhere else, and it therefore follows, as a legal presumption, that the shareholders of the bank are citizens of New York. If so, this suit can be maintained. Motion denied.

NOTE. A corporation created by the laws of the state in which a suit is brought in the federal court, must be considered a citizen of that state, whatever its status or citizenship is elsewhere by the laws of other states. Chicago & N. W. Ry. Co. v. Whiton, 13 Wall. [80 U. S.] 270.

A corporation created by and transacting business in a state, is to be deemed an inhabitant of that state, capable of being treated as a citizen. for all purposes of suing and being sued in a circuit court. Louisville. etc.. R. Co. v. Letson, 2 How. [43 U. S.] 497; Marshall v. Baltimore & O. R. Co.. 16 How. [57 U. S.] 314; Greeley v. Smith [Case No. 5,747]; New York & E. R. R. v. Shepard [Id. 10,198].

A municipal corporation created by a state within its own limits may be sued in a circuit court, by a citizen of another state. Cowles v. Mercer Co., 7 Wall. [74 U. S.] 118. And the state legislature cannot prevent the jurisdiction of the federal courts from attaching. Id.

A national bank organized and located in any state. may sue a citizen of another state in the circuit court thereof. Manufacturers' Nat. Bank v. Baack [Case No. 9,052].